UNITED STATES v. 100 CASES OF TEPEE APPLES et al.

(District Court, W. D. Missouri.   October 23, 1908.)

No. 245.

FOOD (§ 15*)—LABELS—"MISBRANDING."

Claimants operated a canning factory in Benton Harbor, Mich., where fruits grown in Michigan, as well as in other states, were canned and prepared for sale.  Claimants canned certain "tepee" apples and blackberries grown in Arkansas, sold under a label on which was printed:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Tepee Apples [or Blackberries, as the case might be]. Packed by C. H. Godfrey & Son, Benton Harbor and Watervliet, Michigan." There was evidence that Michigan apples and blackberries were better than those grown in Arkansas. *Held*, that the labels indicated that the fruit was grown in Michigan, and that claimants were therefore guilty of misbranding, in violation of Food and Drug Act Cong. June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187).

. [Ed. Note.—For other cases, see Food, Dec. Dig. § 15.*]

Action by the United States of America to forfeit 100 Cases of Tepee Apples and 172 Cases of Tepee Blackberries for alleged violation of the food and drug act, because of misbranding. Judgment of forfeiture.

A. S. Van Valkenburgh, U. S. Atty., and L. J. Lyons, Asst. U. S. Atty.

Kelly, Brewster & Buckholz and Thomas E. Lannen, for C. H. Godfrey & Son.

SMITH McPHERSON, District Judge. This case is by information filed by the United States attorney, charging that Ridenour-Baker Grocery Company, of Kansas City, Mo., has in its possession cases of apples and blackberries in original unbroken packages which are misbranded within the meaning of the act of Congress approved June 30, 1906 (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1187]), entitled "Food and Drugs." The fruits were thereupon seized by the marshal, and notice thereof given. In due time C. H. Godfrey & Son, of Benton Harbor, Mich., appeared and made defense. A jury was waived, and the case tried to the court. The evidence consists of an agreed statement of facts and the deposition of C. H. Godfrey. And these are the facts:

Godfrey & Son pack and can fruits, with their factory at Benton Harbor, Mich., and such has been their business for several years, with their principal office at that place, the fruits grown there, as well as in other states. Their only post office address was there. The apples and berries in suit were grown at and near Springdale, Ark., and by Godfrey & Son there bought and canned, and by them later on sold and shipped to the Ridenour-Baker Company at Kansas City. Each can of apples was labeled with a blue paper about ten inches long and five inches wide, with a picture of a red apple, an Indian tent, or "tepee," with the words "Tepee Apples. Packed by C. H. Godfrey & Son, Benton Harbor and Watervliet, Mich." The berry cans had the same label in all respects, except the picture was of a cluster of blackberries and the words "Tepee Blackberries."

The opinion of the Secretary of Agriculture was that such words, to the exclusion of Springdale, Ark., where the fruit was grown and packed, misleads the public. Evidence is offered that Godfrey & Son did not know of such opinion, and that they believed the cans were properly labeled. Such evidence is not admissible and is ruled out. The evidence shows that Michigan and Northern apples are of a better quality and flavor than are Arkansas apples, and that is a matter of common information. As to the berries, the evidence is not

so certain, although the deposition of Mr. Godfrey fairly shows that Michigan blackberries, with one variety excepted, are better than those of Arkansas.

Adulteration of goods and false labeling had become so common that it was well-nigh impossible to purchase pure goods, or that which was called for. The same was true as to medicines. Congress undertook to remedy it. The one purpose was to prevent the sale of adulterations. The other purpose was to enable a purchaser to obtain what he called for and was willing to pay for. And under this latter view it is immaterial whether Michigan fruits are better than those grown in Arkansas. A purchaser of canned goods may prefer Michigan fruits. He may believe them to be better than Arkansas fruits. He has the right to call for them, and when he pays or is debited for them he has the right to have Michigan fruits. The purchaser has the right to determine for himself which he will buy and which he will receive and which he will eat. The vendor cannot determine that for the purchaser. He, of course, can make his arguments, but they should be fair and honest arguments.

In this case the label is very attractive to the eye, and of course its only purpose is to sell the fruit. But for that the label would not be on the can. That is what the purchaser at retail looks for, and that is what, more than any other statement or argument, induces the purchase. That the evidence shows that to be misleading, because the words thereon, "Packed by C. H. Godfrey & Son, Benton Harbor and Watervliet, Mich.," is understood by all adults and children as not only being there packed, but fruits grown in that vicinity. Of course it is idle to insist, as Mr. Godfrey does, that the fruits could not have been raised within the city of Benton Harbor. The term "misbranded," as used in the statute, as defined by the statute, is:

"The package or label of which shall bear any statement designed or device regarding such article * * * which shall be false or misleading in any particular, and to any food which is falsely branded as to the state, territory, or country in which it is manufactured or produced."

Again, the statute recites:

"If it be labeled or branded so as to deceive or mislead the purchaser, it should be considered as misbranded."

There can be no doubt, as it seems to me, that any purchaser from this label would be deceived, in that he would be receiving Arkansas fruits instead of Michigan fruits. Deception is seldom practiced by a literal falsehood, but is usually joined with some truth, so that the entire statement will deceive. And so in this case. Of course the statement is true that Godfrey & Son reside and do business at Benton Harbor; but that one true statement is used in conjunction with the packing of the fruits, and I repeat that I would believe from that, as would all others, that it is Michigan fruit within the cans. And if Godfrey & Son believe, and if it be true, that Arkansas fruits are as good or better than Michigan fruits, let that fact be disclosed by labels and otherwise. This statute is to protect consumers, and not producers. It is a most beneficent and righteous statute, and within the powers of Congress to legislate concerning, and should be en-

forced. It cannot be enforced if it is to be emasculated, as is sought in the present case. The order will be that the fruits and cans under seizure will be sold by the marshal after being properly branded. This will be done, instead of destroying them, as the fruits are not deleterious.

But this order may be avoided under the statute if Godfrey & Son will pay the costs and give bond to properly brand the goods in accordance with this opinion, and sell them in all respects in conformity to law.